UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **80 FOUNTAIN STREET, LLC,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 25-10375-BEM |
| **JAMES CRONAN AND KAREN MERRITT,** | ) ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER OF REMAND

**MURPHY, J.**                                                                                                                April 17, 2025

On February 12, 2025, *pro se* defendants James Cronan and Karen Merritt filed a Notice of Removal in which they state they are removing this action from Bristol Superior Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.[1,2] The case at hand is one to register an order of the United States Bankruptcy Court for the District of Rhode Island so that the plaintiff may, in accordance with M.G.L. ch. 224, §§ 14 and 15, and Rule 69 of the Massachusetts Rules of Civil Procedure, enforce that order. ECF 1-1 at 10-65; *80 Fountain Street, LLC v. Cronan, et al.*,

---

[1] The court identified in the heading of the Notice is the United States District Court for the District of Rhode Island. Likewise, the defendants state within the Notice that they are removing this action to the United States District Court for the District of Rhode Island. For present purposes, the Court will assume that the defendants intended to remove the case to the United States District Court for the District of Massachusetts.

[2] The state court docket, which is available to the public through www.masscourts.org and of which the Court may take judicial notice, shows that the Bristol County Superior Court and the parties to this action are not treating this action as having been removed to this Court. It is unclear from the state court docket whether the state court received adequate notice of the removal, which notice is necessary to transfer jurisdiction over the case from the state court to the federal court. *See* 28 U.S.C. § 1446(d). Because this action may be dismissed for lack of subject matter jurisdiction, the Court need not address this thorny issue.

2573CV00006 (Bristol Cnty. Sup. Ct. Mass.). For the reasons set forth below, the Court will remand this action to the Bristol County Superior Court.

Section 1441 authorizes removal of a state court action that could have originally been filed in federal court. 28 U.S.C. § 1441(a). "[B]ecause removal jurisdiction raises serious federalism concerns, [federal courts] construe removal statutes *strictly* and *against* removal." *Rhode Island v. Shell Oil Prods. Co.*, 35 F.4th 44, 52 (1st Cir. 2022) (emphases in original). "So if federal jurisdiction is doubtful, a federal court must remand to state court." *Id.*

The defendants cite 28 U.S.C. § 1331 as the basis of this Court's jurisdiction. This statute gives federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Setting aside narrow exceptions not relevant here, for purposes of § 1331, a civil action arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). In other words, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Templeton Bd. of Sewer Comm'rs v. Amer. Tissue Mills of Mass., Inc.*, 352 F.3d 33, 37 (1st Cir. 2003).

Here, the action which the defendants seek to remove does not arise under federal law. The defendants state that their "complaint arises under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968." ECF No. 1 at 1. A claim under the federal RICO statute is certainly one "arising under" federal law. However, whether subject matter jurisdiction exists under 28 U.S.C. § 1331 is determined by the nature of the *plaintiff's* claim—not a defense or counterclaim by the defendants. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)

(stating that jurisdiction under § 1331 "cannot be predicated on an actual or anticipated defense" or "an actual or anticipated counterclaim"). Because the plaintiff brings a claim under *state* law, jurisdiction under § 1331 does not exist.

Further, this action may be remanded on non-jurisdictional grounds. Under the Court's Local Rules, the defendants were required to file "certified or attested copies of all records and proceedings in the state court." L.R. 81.1(a). Failure to do so within 42 days of the filing of the notice of removal is grounds for remand. L.R. 81.1(c). The defendants have not filed said documents.

For the aforesaid reasons, this action is hereby REMANDED to the Bristol County Superior Court. The Clerk is directed to enter an order of remand immediately, promptly notify the Bristol County Superior Court in accordance with 28 U.S.C. § 1447(c), and close this action. The Clerk shall terminate the motions for leave to proceed *in forma pauperis* and leave to file electronically as moot.

IT IS SO ORDERED.

/s/ Brian E. Murphy
United States District Judge